UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**APRIL RIEDY (HARDEN)**,
*an individual,*

      Plaintiff,

v.

Case No:
Hon.

**SCHOOLCRAFT COLLEGE.**
*a domestic nonprofit corporation,*

      Defendant.

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Morry D. Hutton (P81188)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
mhutton@deborahgordonlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **April Riedy (Harden)**, known professionally as April Harden, by and through her attorneys at Deborah Gordon Law, complains against Defendant as follows:

## JURISDICTION AND PARTIES

1. This is an action for violations of federal and Michigan state law, arising out of Defendant's non-selection of Plaintiff for a full-time position with Schoolcraft College based on Plaintiff's age.

2. Plaintiff is a resident of Michigan and resides in the Eastern District of Michigan.

3. Defendant is a public community college located in the Eastern District of Michigan.

4. The Court has federal subject-matter jurisdiction in this case pursuant to 28 USC § 1331, and 28 USC § 1343, because the complaint states a claim that arises under the laws of the United States. The Court also has supplemental jurisdiction over Plaintiff's state law claim under and 28 USC § 1367 because this claim is so related to the federal claim that it is part of the same case or controversy.

5. Pursuant to 28 USC § 1391(b), venue is proper in this Court as it is in the district in which Defendant conducts business and in which the events giving rise to the claims took place.

## FACTUAL BACKGROUND

6. Plaintiff April Harden was born in 1971.

7. She has been employed as a part-time English Composition and Literature instructor at Schoolcraft College since August 2007.

2

8. At all times, her performance was satisfactory or better.

9. Hiring for full-time faculty positions at Schoolcraft is managed by the Administration and a hiring or "screening" committee comprised of faculty members.

10. The union for Schoolcraft faculty members, the Faculty Forum, is notified of all full-time job openings and the qualifications required for the opening. It also governs the composition of the hiring/screening committee.

11. In 2023, a full-time faculty position teaching English became available.

12. Plaintiff applied. She was the most qualified applicant for the job and was the first choice of the hiring/screening committee. She was 52 years old at the time.

13. However, the position was offered to a younger male candidate, in his thirties, with less experience and qualifications, who later declined the offer. Plaintiff was not offered the position, and it was declared a "failed search".

14. Per the Faculty Forum contract, "First consideration shall be given to part-time faculty applicants for filling any available full-time faculty vacancies if their qualifications are superior or equal to other qualified applicants." Plaintiff, as a part time faculty member, was such an applicant.

15. The Faculty Forum filed a grievance on behalf of the hiring/screening committee, writing in part that "the recommendation from the [hiring] committee was clear that it felt the qualifications of April Harden were superior to those of [the selected applicant]."

16. Schoolcraft College responded that Plaintiff's qualifications "were not superior nor equal to" the chosen candidate and submitted a chart comparing the two candidates' qualifications.

17. The chart was not an accurate representation of Plaintiff's qualifications; Plaintiff was indeed the most qualified applicant.

18. The grievance was dismissed based on Schoolcraft's response, despite its inaccuracies as to Plaintiff's qualifications.

19. In April or May 2024, when Plaintiff was 53 years old, another full-time English position was posted. Plaintiff applied but did not even receive an interview. She was never given an explanation as to why.

20. A younger male, roughly 34 years old, with less experience and qualifications was hired instead.

21. On August 14, 2024, Plaintiff had a performance review with her supervisor, Michele Kelly, the Dean of Liberal Arts and Sciences.

22. Kelly was involved in the decision making process as to full time English positions described above.

23. Plaintiff brought up the younger male selected for the job in 2024. Kelly told Plaintiff that he was a "young" man with a "young family" and that the job would be "life-changing" for him. Kelly also told Plaintiff that the new hire would need her (Plaintiff's) mentorship and guidance.

**LEGAL CLAIMS AND CAUSES OF ACTION**

## COUNT I
### Violations of the Age Discrimination in Employment Act ("ADEA")

24. Plaintiff repeats and realleges all foregoing paragraphs as if they were set forth fully herein.

25. Defendant is an employer covered by the ADEA 29 USC § 623 *et. seq.*

26. Defendant engaged in prohibited conduct by not selecting Plaintiff in whole or substantial part because of her age, in violation of the ADEA, 29 USC § 623(a)(1).

27. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide its discriminatory animus.

28. Defendant's actions were willful, as they were committed in knowing and/or reckless disregard for the law.

29. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, mental anguish, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

## COUNT II
### Violations of the Elliott-Larsen Civil Rights Act
### Discrimination Based on Age

30. Plaintiff repeats and realleges all foregoing paragraphs as if they were set forth fully herein.

31. At all material times Plaintiff was an employee or job applicant and Defendant was her current and prospective employer, covered by and within the meaning of the Elliot-Larsen Civil Rights Act, MCL § 37.2101, et seq.

32. Defendant discriminated against Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act with respect to her non-selection for employment because of her age.

33. Plaintiff's age was at least one determining factor in Defendant's decision to treat Plaintiff differently with respect to the conditions of employment.

34. At all times leading up to her non-selection Plaintiff was capable of performing her job, and the full-time job she sought at a satisfactory or above satisfactory level.

35. Plaintiff's non-selection was not due to her lack of the required knowledge, skills, abilities, or performance for the position, but because of her age.

36. Defendant's actions as described above were intentional and in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

37. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings and earning capacity, lost career opportunities, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, mental anguish,

loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

## RELIEF REQUESTED

Plaintiff demands judgment against Defendant as follows:

A. **LEGAL RELIEF:**

1. Economic damages in whatever amount she is found to be entitled;

2. Compensatory damages in whatever amount she is found to be entitled;

3. Liquidated damages in whatever amount she is found to be entitled;

4. Exemplary damages in whatever amount she is found to be entitled; and

5. An award of interest, costs, reasonable attorney fees, and expert witness fees.

B. **EQUITABLE RELIEF:**

1. An order from this Court placing Plaintiff in the position she would have been in had there been no wrongdoing by Defendant;

2. An award of interest, costs and reasonable attorney fees; and

3. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: April 2, 2025

**DEBORAH GORDON LAW**
**/s/Deborah L. Gordon**
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## **JURY DEMAND**

Plaintiff, **April Riedy (Harden)**, by and through her attorneys Deborah Gordon Law, hereby demands a trial by jury of all the issues in this case.

Dated: April 2, 2025                             **DEBORAH GORDON LAW**
                                                 ***/s/Deborah L. Gordon***
                                                 Deborah L. Gordon (P27058)
                                                 Attorneys for Plaintiff
                                                 33 Bloomfield Hills Parkway, Suite 220
                                                 Bloomfield Hills, Michigan 48304
                                                 (248) 258-2500
                                                 dgordon@deborahgordonlaw.com